FILED
2007 AUG 23  AM 11: 51
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| JOHNNY BERNAL, on Behalf of Himself and Others Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>VANKAR ENTERPRISES, INC. d/b/a BABCOCK BAR, CHICAGO BAR, INC., and TDS ENTERTAINMENT, INC. d/b/a DIXIE'S COUNTRY BAR<br><br>Defendants. | §<br>§<br>§  SA07CA0695 XR<br>§  CIVIL ACTION NO.<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Johnny Bernal ("Plaintiff"), files this Original Collective Action Complaint on behalf of himself and others similarly situated to recover unpaid wages from Defendants, Vankar Enterprises, Inc. d/b/a Babcock Bar, Chicago Bar, Inc., and TDS Entertainment, Inc. d/b/a Dixie's Country Bar (collectively referred to hereinafter as "Defendants").

### I. NATURE OF SUIT

1.  The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers . . . ." 29 U.S.C. § 202(a). To

achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. 29 U.S.C. §§ 206(a) & 207(a).

2. The FLSA allows employers to pay less than minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows them to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id.* In order to apply a tip credit toward an employee's minimum wage, however, an employer must satisfy two conditions: 1) The employer must inform the employee that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. *Id.*

3. In this case, Defendants violated the FLSA by requiring its servers to participate in an invalid tip pool at their three (3) bars, Dixie's Country Bar, Chicago Bar, and Babcock Bar – whereby servers were required to pay a percentage of their tips to Defendants, which would then distribute that portion of tips to employees who do not customarily and regularly receive tips, namely members of the management. Accordingly, Plaintiff brings this action to recover unpaid wages under § 215 and 216(b) of the FLSA.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because it arises under the laws of the United States, specifically under the FLSA, 29 U.S.C. § 201, *et seq.*

5. Plaintiff's claims arise under 29 U.S.C. §§ 203(m), 215, and 216(b). In connection with the acts and course of conduct alleged in this complaint, Plaintiff engaged in commerce or in the production of goods for commerce. Further, Defendants are employers that engaged in commerce or in the production of goods for commerce and, therefore, are covered by the FLSA.

6. Venue is proper in the Western District of Texas – San Antonio Division because all, or a substantial part, of the acts and conduct charged herein occurred in this district.

### III. THE PARTIES

7. Plaintiff, Johnny Bernal, is a resident of Bexar County, Texas. Plaintiff is a covered employee of Defendants within the meaning of the FLSA. His consent to participate in this collective action is attached hereto as Exhibit 1.

8. The class of similarly situated employees consists of all current and former employees of Dixie's Country Bar, Chicago Bar, and Babcock Bar, who were required to participate in the mandatory tip pool whereby management received a part of the employees' total tips. These similarly situated persons are referred to as "Members of the Class" or "the Class".

9. Defendant, TDS Entertainment, Inc., is a Texas corporation that owns and operates "Dixie's Country Bar" and who may be served through its registered agent for service, Patrick M. Karam, 1633 Babcock Rd. #321, San Antonio, Texas 78229.

10. Defendant, Chicago Bar, Inc., is a Texas corporation that owns and operates "Chicago Bar" and who may be served through its registered agent for service, Patrick M. Karam, 1633 Babcock Rd. #321, San Antonio, Texas 78229.

11. Defendant, Vankar Enterprises, Inc., is a Texas corporation that owns and operates "Babcock Bar" and who may be served through its registered agent for service, Patrick M. Karam, 1633 Babcock Rd. #321, San Antonio, Texas 78229.

### IV. FACTS UNDERLYING THE CLAIMS

12. Plaintiff is a former waiter who worked at each of the Defendant's bars. Defendants paid Plaintiff less than minimum wage while he worked as a waiter (i.e. $2.13/hour) – taking advantage of a tip credit, which allowed Defendants to include in their calculation of Plaintiff's wages a portion of the amounts that he received as tips. Defendants required Plaintiff and its other servers to contribute a percentage of their total sales during each shift (5%) to a tip pool controlled by Defendants. Defendants automatically deducted this 5% from Plaintiff's tips at the end of each shift. Defendants would then distribute the entire tip pool to the general managers who worked at the Bars – none of whom are considered "customarily tipped employees".

13. Defendants' management are not "customarily tipped employees" and are not eligible to participate in a tip pool. Because Plaintiff, as a tipped employee, is only required to contribute to a tip pool from which other tipped employees will draw, he was entitled to retain all tips that he was required to tip-out to Defendants' management. 29 U.S.C. § 203(m). Because these employees received a portion of Plaintiff's tips, Defendants' practice is in clear violation of the FLSA.

4

14. Defendants' illegal pattern and practice with respect to requiring its servers to tip-out non-service personnel was and is in violation of the FLSA. Defendants knew or should have known that its policies and practices violated the FLSA, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard carried, and continues to carry, out this illegal pattern or practice regarding tip-out of non-service employees.

## V. COLLECTIVE ACTION ALLEGATIONS

15. Other persons employed by Defendants who been required to participate in this illegal tip pool have been victimized by the foregoing patterns, practices and/or policies which are in violation of the FLSA. Many of these employees worked with the Plaintiff and have reported that they were also required to participate in the mandatory tip pool which tipped out non-service employees. Thus from discussions with these employees and former employees, Plaintiff is aware that the illegal practices or policies imposed on him have been imposed on other current and former employees by Defendants, and some of these fellow servers have indicated an interest in joining this suit to recover their unpaid wages.

16. Accordingly, Defendants' pattern or practice of requiring employees to participate in an invalid, mandatory tip pool is a generally applicable policy or practice and does not depend on the personal circumstances of the Members of the Class. Thus, Plaintiff's experience is typical of the experience of the Members of the Class.

17. All employees or former employees of Babcock Bar, Dixie's Country Bar, and/or Chicago Bar who were required to participate in the mandatory tip pool whereby

non-service employees (including members of management) were given a portion of the server's tips are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The class is therefore defined as:

> All current and former employees of Babcock Bar, Dixie's Country Bar, and/or Chicago Bar, at anytime during the time period of August 21, 2004 to present, who were required to participate in a mandatory tip pool whereby they were required to share a portion of their tips with members of the management.

## VI. CAUSES OF ACTION

18.   Plaintiff incorporates herein all allegations contained in paragraphs 1 through 17.

19.   Defendants' practice of requiring Plaintiff and all those similarly situated to pay a percentage of their tips to non-service employees was and is in violation of the FLSA. 29 U.S.C. § 203(m). Accordingly, Plaintiff is entitled to minimum wage for each hour worked (the "tip credit"), in addition to the amount he was required to tip-out to Defendants' non-service employees (the "tip out"). *Id.*

20.   Additionally, Plaintiff and all those similarly situated is entitled to an amount equal to all of his unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action. 29 U.S.C. § 216(b).

## VII. JURY DEMAND

21.   Plaintiff hereby demands a trial by jury.

## VIII. Prayer

22. WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor, awarding him and all similarly situated employees:

    a.    minimum wage for each hour worked, in addition to wages equal to the amount he was required to tip-out to Defendants' non-service employees (i.e members of management);

    b.    an equal amount as liquidated damages as allowed under the FLSA;

    c.    an injunction against further violations;

    d.    reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA; and

    e.    such other and further relief as may be required by law.

Respectfully submitted,

*[signature]*

ROBERT R. DEBES, JR.
State Bar No. 05626150
Federal ID No. 12308
17 South Briar Hollow Lane, Suite 302
Houston, Texas 77027
Telephone: (713) 623-0900
Facsimile: (713) 623-0951

OF COUNSEL:
DEBES LAW FIRM

RICHARD J. BURCH
State Bar No. 24001807
Federal ID No. 21615
1000 Louisiana, Suite 1300
Houston, Texas 77002
Telephone: (713) 877.8788
Facsimile: (713) 877.8065

OF COUNSEL:
BRUCKNER BURCH, PLLC

**COUNSEL FOR PLAINTIFF**