IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JOHNNNY BERNAL<br>on Behalf of Himself and Others<br>Similarly Situated<br><br>Plaintiff,<br><br>vs.<br><br>VANKAR ENTERPRISE, INC. d/b/a<br>BABCOCK BAR, CHICAGO BAR, INC.,<br>And TDS ENTERTAINMENT, INC. d/b/a<br>DIXIE'S COUNTRY BAR<br><br>Defendants. | §§§§§§§§§§§§ | CIVIL ACTION NO. 5: 07-cv-00695<br><br>JURY TRIAL DEMANDED |

### SWORN DECLARATION OF ALISA RICHTER

Pursuant to 28 U.S.C. §1746, the undersigned declares as follows:

1. "My name is Alisa Richter. I am over the age of 18 and am in all ways competent to attest to the facts set forth herein. I am a plaintiff in the above-styled lawsuit. The facts in this Declaration are within my personal knowledge and are true and correct.

2. I am a former employee of Babcock Bar. Babcock Bar is a bar owned by Vankar Enterprises, Inc. – a company owned by Patrick Karam and his brother, Bobby Karam. I was employed by Babcock Bar as a bartender from approximately April 2004 to July 2007. As a bartender, I routinely waited on customers, took orders, served drinks, and interacted with the customers. As a bartender, I was paid a direct wage of $2.13 per hour.

3. Sometime around November 2006, Patrick Karam made me "happy hour manager" of all four (4) of his bars – Babcock Bar, Dixie's Country Bar, Chicago Bar, and BroadwayBar. Mr. Karam sold BroadwayBar in the spring of 2007. As "happy hour manager," I

1



continued to serve as a bartender for Babcock Bar -- meaning that I would wait on customers, served drinks, etc... However, I had the additional responsibility of supervising the other bartenders, interviewing new employee prospects, etc...I was paid $2.13 per hour as a bartender and received a lump sum cash payment once a month for my service as a manager.

4.  As a bartender at Babcock Bar, and also as happy hour manager for all four Bars, I am familiar with the tip pool policy at each Bar. Specifically, each of the Bars had a mandatory tip sharing policy which may be summarized in this way. At the end of each shift (3pm – 8pm or 8pm – 3am), the bartenders would pool all of their tips. They would first deduct from the tips 5% of the total sales. They would put that 5% in an envelope. Next, they would take 4% of the credit card tips and put that in another envelope. They would then take another $15 to $25 (depending on the Bar) from the tips made by the night shift bartenders and put that in a third envelope for the cleaning crew. The three envelopes would then be put in a locked safe (or other safe place) located at each Bar. Usually, the next day Bobby Karam would go by each Bar and pick up all three envelopes.

5.  Once a month, Patrick Karam would have a meeting (usually at his house) at which time he would pay each of the managers, and himself, an equal share of the tips collected by his employees. In addition, his brother Bobby would keep the 4% collected from the credit card tips. I do not know who actually received the money taken from the bartenders' tips that was earmarked for the cleaning crew.

6.  The cleaning crew would vacuum the Bars after the Bars closed (most of the time it was very early in the morning, around 5 or 6 am). However, no member of the cleaning crew was an employee of the Bars. Rather, the cleaning crew was a separate company that was hired to come in and clean up after the Bars closed. The cleaning crew did not interact with the Bar

customers, did not serve customers drinks, did not serve as 'bussers' or 'barbacks,' and did not in any way provide customer service.

5. From my discussions with other bartenders who worked at the Bars, all of the servers were required to follow the same mandatory tip pool policy at each Bar. As a manager for a period of time at the Bars, I often heard many of the employees complain about how much money they were required to tip out to the managers, the credit card tip, and the cleaning crew. Accordingly, I strongly believe that other employees would want to join this case if they were notified about it.

6. I joined this case on September 27, 2007 by signing a Notice of Consent. Two months later, I was sued by Patrick Karam for "slander" and "conspiracy" in a case styled Cause No. 2007-CI-17833; *Patrick Karam v. Alisa Richter*, in the 45th Judicial District Court of Bexar County, Texas. A copy of the petition is attached to this declaration as Exhibit 1 and reflects that Mr. Karam filed suit against me on November 29, 2007. As reflected in paragraph #8 of the petition, Mr. Karam states that: "Defendant after ending employment with Plaintiff enjoined in a lawsuit accusing Plaintiff of wrongdoing involving tip allocation at various business' of Plaintiff's." Thus, it is clear to me that Mr. Karam has sued me in retaliation for bringing a claim against his companies for violation of the federal wage laws and in an effort to dissuade other employees from joining this case.

7. I swear under penalty of perjury that the foregoing is true and correct."

Dated: December 26, 2007

_____
ALISA RICHTER

**2007Cl17833**

FILED
'07 NOV 29 PM 2:54
DEPUTY

| | | |
|---|---|---|
| PATRICK KARAM | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | 45th JUDICIAL DISTRICT |
| | § | |
| ALISA RICHTER | § | |
| Defendant. | § | OF BEXAR COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Patrick Karam, hereinafter called Plaintiff, complaining of and about Alisa Richter, hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiffs intend that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiff, Patrick Karam, is an Individual whose address is 1633 Babcock Road, San Antonio, Texas.

3. Defendant, Alisa Richter, an Individual who is a resident of Texas, may be served with process at her home at the following address: 7109 Leslie Road, Apt. 171, Apartment #2608, San Antonio, Texas 78229. Service of said Defendant as described above can be effected by personal delivery.

**EXHIBIT A**

### JURISDICTION AND VENUE

4. The subject matter in controversy is within the jurisdictional limits of this court.

5. This court has jurisdiction over the parties because Defendant is a Texas resident.

6. Venue in Bexar County is

Texas Civil Practice and Remedies Code because this county was the county of residence of Alisa Richter, Defendant herein, at the time the cause of action accrued.

## FACTS

7. Defendant is a former employee of Plaintiff.

8. Defendant after ending employment with Plaintiff enjoined in a lawsuit accusing Plaintiff's of wrongdoing involving tip allocation at various business' of Plaintiff's.

9. Defendant did not initiate the lawsuit but only joined the suit after other members of the lawsuit recruited her and promised her financial gains with no cost to her.

10. Since the lawsuit was filed on or about August 23, 2007 in the United States District Court for The Western District of Texas San Antonio Division, Defendant has been spreading untruths about Plaintiff, Plaintiff's family and Plaintiff's business.

11. Defendant sole purpose of spreading the untruths about Plaintiff, Plaintiff's family and Plaintiff's business is to damage the personal and business reputation of Plaintiff, Plaintiff's family and Plaintiff's business.

12. Plaintiff, Plaintiff's family, and Plaintiff's business' has been directly impacted by Defendant's actions and Plaintiff's damages are a proximate cause of Defendant's actions.

## PATRICK KARAM'S CLAIM FOR SLANDER

13. Plaintiff will show Defendant made statements that were "published" to the general public.

14. Plaintiff will show Defendant made "published" statements that were "false".

15. Plaintiff will show Defendant made "published" statements that were "injurious" to Defendant.

16. Plaintiff will show Defendant made "published" …

"injurious" to Defendant and said statements were "unprivileged".

## PATRICK KARAM'S CLAIM FOR CONSPIRACY

17. Plaintiff will show Defendant engaged in a conspiracy with other(s).

18. Plaintiff will show Defendant enjoined in a "secret agreement" with others.

19. Plaintiff will show Defendant enjoined in a "secret agreement" with others to do an "unlawful" or "wrongful" act to Defendant.

20. Plaintiff will show Defendant enjoined in a "secret agreement" with others to do an "unlawful" or "wrongful" act to Defendant or to use such means to "accomplish a lawful end".

## DAMAGES FOR PLAINTIFF, PATRICK KARAM

21. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Patrick Karam, was caused to suffer reputable damage to his person, his family and his business and incur the following damages:

   A. Loss of earnings in the past;

   B. Loss of earning capacity which will, in all probability, be incurred in the future;

   C. Mental anguish in the past;

   D. Mental anguish in the future; and

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Patrick Karam respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,



By: _____
Green
Texas Bar No. 24027210
206 East Locust Street
San Antonio, Texas 78212
Tel. (210)212-6700
Fax. (210)212-7234
Attorney for Plaintiff
Patrick Karam

## PLAINTIFF HEREBY DEMANDS JURY TRIAL

PRIVATE PROCESS
"The State of Texas"   NO.   2007-CI-17833

PATRICK KARAM
Plaintiff
VS.

ALISA RICHTER
Defendant
( Note: Attached Document May Contain Additional Litigants. )

**NOTICE**

IN THE DISTRICT COURT

45th JUDICIAL DISTRICT

BEXAR COUNTY, TEXAS

Citation Directed to: ALISA RICHTER

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 29th day of November, 2007.
ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 29th DAY OF November A.D., 2007.
PLAINTIFF'S ORIGINAL PETITION

BRET CHRISTOPHER GREEN
Attorney/PLAINTIFF
address 206 E LOCUST ST
SAN ANTONIO, TX 78212-3954

MARGARET G. MONTEMAYOR
District Clerk of Bexar County, Texas
Bexar County Courthouse
San Antonio, Texas 78205

By: _____
SAMUEL FALKENBERG

**OFFICER'S RETURN**

Came to hand _____ day of _____, A.D. ____, at _____ o'clock _____.M.
and executed (not executed) the 10 day of December, A.D. 2007, in _____
at _____ o'clock _____.M. by delivering to _____
in person a true copy of this citation together with the accompanying copy of plaintiff's petition. Served at _____
Cause of failure to execute this citation _____
I traveled _____ miles in the execution of this citation. Fees: _____ Serving citation
$ _____ Mileage _____ Total $ _____
Badge/PPS # _____
_____ County, Texas
By _____

The State of Texas

**NON - PEACE OFFICER VERIFICATION**
VERIFICATION OF RETURN (IF NOT SERVED BY PEACE OFFICER)
SWORN TO this _____ day of _____, _____

NOTARY PUBLIC, STATE OF TEXAS

ORIGINAL
(DK002)