UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **JOHNNY BERNAL,** on behalf of himself and Others Similarly Situated, | ) ) ) |
| Plaintiff, | ) )   Civil Action No.  SA-07-CA-695-XR ) |
| VS. | ) ) |
| **VANKAR ENTERPRISES, INC.** d/b/a **BABCOCK BAR, CHICAGO BAR, INC.,** and **TDS ENTERTAINMENT, INC.** d/b/a **DIXIE'S COUNTRY BAR,** | ) ) ) ) ) |
| Defendants. | |

**ORDER**

Having considered the motions, affidavits, and applicable case law, the Court GRANTS Plaintiff's Motion for Conditional Class Certification and for Notice to Putative Class Members (Docket No. 34).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, Johnny Bernal, brings this complaint, on behalf of himself and others similarly situated, against Defendants for alleged violations of the Fair Labor Standards Act (FLSA).[1] The identities of the parties are undisputed and are as follows: Defendant TDS Entertainment, Inc. is a Texas Corporation that owns and operates Dixie's Country Bar; Defendant Chicago Bar, Inc. is a Texas Corporation that owns and operates the Chicago Bar; Defendant Vankar Enterprises, Inc. is a Texas Corporation that owns and operates Babcock Bar. All other contentions are disputed by the parties.

Plaintiff asserts that he was an employee of each of the Defendants ("the Bars") between

---

[1] 29 U.S.C.A. § § 201-219.

1

August 2006 to August 2007, and that he worked as a bartender with duties that included waiting on customers, taking orders, and serving drinks. Plaintiff's Motion for Conditional Class Certification (Docket No. 34) (hereafter "Motion for Cert."), Exhibit 1 ¶ 2 (hereafter referred to as "Plaintiff's Dec."). Plaintiff contends that the Bars each paid him $2.13 per hour and took a "tip credit" against their minimum wage obligations pursuant to the FLSA. Motion for Cert. ¶ II. While Plaintiff admits that he was allowed to keep some of his tips, he avers that the Bars implemented a mandatory tip sharing policy whereby each bartender was made to pay 5% of his total bar sales to the manager. Plaintiff's Dec. ¶ 3. Plaintiff further contends that, in addition to the 5% of sales, bartenders were responsible for giving between $15 and $25 every night to pay the cleaning crew and another 4% for credit card tips. Plaintiff's Dec. ¶ 3.

Plaintiff brought this action, on behalf of himself and others similarly situated, against the Bars alleging that the mandatory tip sharing policy violates the FLSA. According to FLSA section 203(m), Plaintiff argues, the Bars' tip sharing policy was lawful only if the tips collected were distributed to other "customarily tipped employees." Motion for Cert. ¶ II. Therefore, Plaintiff asserts the Bars violated the FLSA because the tip pool was invalid in that the collected tips were distributed in part to managers and the cleaning crew, employees who are not customarily tipped within the meaning of the FLSA. Motion for Cert. ¶ II. Plaintiff alleges that Defendants apply the tip pool policy uniformly as to all their servers and therefore all similarly situated employees of the Bars are eligible to join the suit as plaintiffs. Motion for Cert. ¶ I. Thus, Plaintiff has filed this Motion for Conditional Class Certification and for Notice to Putative Class Members (Docket No.

34) requesting that the court allow the suit to proceed as a collective suit pursuant to the FLSA[2] and allow notice to be sent to potential plaintiffs.

Defendants acknowledge that they own and/or operated the Bars, but allege that Plaintiff's claim that he worked at each bar as a bartender is unsubstantiated by Defendants' records. Defendants' Response to Motion for Cert. ¶ II (hereafter "Response"). Defendants admit, however, to paying Plaintiff and other bartenders a direct wage of $2.13 per hour plus a portion of the tips received from the Bars' patrons. Response ¶ II. Although Defendants originally denied taking advantage of the tip credit altogether, they now assert that they took the tip credit as permitted under 29 U.S.C.A. § 203(m). Response ¶ II. Specifically, Defendants contend that the tip pool was valid because only tipped employees were required to contribute to it and the tips were distributed only to customarily tipped employees. Response ¶ II.

Defendants deny that management participated in the pool. Response ¶ II. Defendants offer as support for this denial the fact that all employees have duties as bartenders, bar backs, and servers. Response ¶ II. Defendants also deny that the cleaning crew, which was not made up of employees but instead independent contractors, ever participated in the tip pool. Response ¶ II. They also allege that Plaintiff has no personal knowledge of how the tip pool was administered and, furthermore, that Plaintiff does not know whether the policy was applied to all members of the proposed class. Response ¶ III(D).

Defendants emphasize the fact that they never failed to pay any employee in excess of minimum wage and assert that the FLSA is not triggered unless employees were not paid minimum

---

[2] 29 U.S.C.A. § 216(b) (permitting collective action where employer's FLSA violation results in multiple similarly situated employees).

wage. Response ¶ II, III(A). Defendants argue that federal courts have recognized that a plaintiff alleging tip pool violations must show that he or she failed to receive minimum wages during the employment period to have a cognizable cause of action. Response ¶ III(A).

Defendants further contend that because Defendants are three separate employers, and not a single entity, class certification of this action is precluded. Response ¶ 1. It is inappropriate, they argue, to allow Plaintiff to proceed as if they were operating as a single entity. Finally, Defendants argue that class certification should be rejected because Plaintiff has failed to show that other employees are "similarly situated" to him. Response ¶ III(D)(1).

## LEGAL ANALYSIS

The Fair Labor Standards Act sets forth the minimum wage requirement for employers.[3] Under section 203(m), employers are permitted to take advantage of a 'tip credit' in order to meet the federal minimum wage requirements with respect to tipped employees.[4] Subject to certain conditions, under federal law an employer may pay a tipped employee less than the required minimum wage and apply a portion of the tips actually received against the required minimum wage. There are two prerequisites to employer eligibility for the tip credit: (1) "the employee must be informed by the employer of the provisions of this subsection," and (2) "all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."[5] If an

---

[3] *See* 29 U.S.C.A. § 206 (requiring employers to pay workers a minimum wage).

[4] *See* 29 U.S.C.A. § 203(m) (allowing employers to use a 'tip credit' to meet the minimum wage requirement with respect to tipped employees).

[5] 29 U.S.C.A. § 203(m).

employer fails to meet both prerequisites it is not eligible to take the tip credit and must pay each employee the full minimum wage required under section 206.

29 U.S.C. § 216 permits an employee to bring an action against an employer "[on] behalf of himself ... and other employees similarly situated."[6] Unlike a Rule 23 class action, in which plaintiffs "opt out" of the class, a § 216 plaintiff must "opt in" to become part of the class. Accordingly, the method adopted by this Court for determining whether to certify a collective action under § 216(b)–the *Lusardi* two-tiered approach[7]–involves a preliminary decision regarding notice to putative class members. In the first stage, called the notice stage, the District Court must make an initial determination whether notice of the action should be sent to potential class members.[8] This determination is based solely on the pleadings and affidavits and the standard is a lenient one typically resulting in conditional certification of a representative class to whom notice is sent and who receive an opportunity to "opt in."[9] "The decision to create an opt-in class under §216(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the district court."[10]

Once conditional certification is granted, the case proceeds through discovery as a

---

[6] 29 U.S.C.A. § 216(b).

[7] Neagley v. Atascosa County EMS, No. Civ.A.SA04CA0893XR, 2005 U.S. Dist. WL 354085, at *3 (W.D. Tex. Jan. 7, 2005); *see also* Lusardi v. Xerox Corp., 118 F.R.D. 351, 359 (D.N.J. 1987).

[8] Mooney v. Aramco Servs. Co., 54 F.3d 1207, 1213-14 (5th Cir. 1995).

[9] *Id.* at 1214.

[10] Wajcman v. Hartman & Tyner, Inc., No. 07-61472-CIV, 2008 U.S. Dist. 203579, at *1 (S.D. FL Jan. 23, 2008).

representative action.[11] Upon completion of discovery, the defendant will typically file a motion for decertification. At this second stage of the analysis, the District Court should make a factual determination as to whether the putative class members are similarly situated.[12] If so, then the representative action may proceed; if not, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims.[13]

Defendants argue, without support, that the FLSA is violated only when an employer fails to pay an employee minimum wage. They contend that none of their employees ever received less than minimum wage for their work and, therefore, their policies are not in violation of the FLSA. The Court disagrees. The language of the statute is clear. An employer is obliged to comply with the prerequisites of announcing its intention to take the tip credit and allowing employees to keep all tips they earn except what is pooled for the benefit of customarily tipped employees.[14] "These prerequisites are strictly construed."[15] In describing the tip sharing restrictions, the statute does not create an additional requirement of proof that an employee actually received less than minimum wage in order for the employer to be ineligible for the tip credit. Instead, it clearly states two

---

[11] *Mooney*, 54 F.3d 1207, 1214.

[12] *Id.*

[13] *Id.; see also* Johnson v. TGF Precision Haircutters, Inc., 319 F. Supp. 2d 753, 754-55 (S.D. Tex. 2004).

[14] 29 U.S.C.A. § 203(m).

[15] Bursell v. Tommy's Seafood Steakhouse, No. H-06-0386, 2006 U.S. Dist. WL 3227334, at *1 (N.D. Tex. Nov. 3, 2006); *accord* Reich v. Chez Robert, Inc., 28 F.3d 401, 404 (3d Cir. 1994).

prerequisites which must be followed if an employer chooses to take the tip credit.

In the present case, Plaintiff contends that Defendants did not comply with one of these prerequisites. Being that the prerequisites are strictly construed, Plaintiff's pleadings are sufficient to allege a violation of the FLSA. Defendants argue that the action should not proceed because tips were not distributed to employees who were not customarily tipped and Plaintiff does not have personal knowledge as to how tips were distributed. This merely raises fact issues to be decided later and does not preclude conditional certification as Defendants argue.

Defendants further argue that Plaintiff has failed to prove that other employees are "similarly situated" within the meaning of the FLSA. They argue that Plaintiff has no personal knowledge about whether the challenged policy was applied consistently to all members of the class and, therefore, class certification should be denied. This argument fails to recognize that the decision to conditionally certify a class at the notice stage is lenient. Little or no discovery has been completed at the notice stage. Thus, the decision to certify is based only on the pleadings and affidavits submitted. Plaintiff alleges that Defendants implemented a single policy which was applied to all bartenders and which violated the FLSA. Evidence of similar job duties and of a single policy which violates the FLSA has been held to be sufficient to conditionally certify a class.[16] The Court therefore concludes that Plaintiff's allegation that participation in the invalid tip pool was mandatory for all Defendants' bartenders is sufficient to meet the lenient standard for conditional certification. Additionally, several plaintiffs have already opted in, and at least one has submitted an affidavit that supports Plaintiff's allegations. It is clear from the pleadings, the affidavits, and the additional plaintiffs that conditional certification is appropriate.

---

[16] *Bursell*, 2006 WL 3227334 at *3.

The Court further finds Defendants' argument that certification is inappropriate because they are separate entities unconvincing. The Federal Rules of Civil Procedure allow joinder of defendants when a cause arises out of the same series of transactions and "any question of law or fact common to all defendants will arise in the action."[17] The Court concludes that joinder of Defendants is proper and does not preclude conditional certification of the class.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiff's allegations are sufficient to allow an initial conditional certification of the case as a collective action. Therefore, the Court GRANTS Plaintiff's Motion for Conditional Class Certification and For Notice to Putative Class Members. To facilitate the progression of this case through a final determination of the collective action status, the Court ORDERS Defendants to provide Plaintiff with a list of the names and last known addresses of all bartenders employed by Defendants from August 23, 2004 to the present within fourteen (14) days of the date of this Order. Upon receipt of said list by Plaintiff, Plaintiff shall send to potential class members notice of this action with a date-specific deadline for opting-in that is sixty (60) days from the date of the mailing of the notices.

It is so ORDERED.

SIGNED this 24th day of March, 2008.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[17] Fed. R. Civ. P. 20.

8